NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL A. NAULT, | No. 13-15813 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00175-HG-KSC |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Submitted February 17, 2015**
Honolulu Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Daniel Nault appeals the district court's judgment affirming the Social

Security Commissioner's denial of his application for disability insurance benefits.

We review the district court's decision de novo, *Molina v. Astrue*, 674 F.3d 1104,

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

1110 (9th Cir. 2012), and we affirm.[1]

The Administrative Law Judge ("ALJ") did not err in rejecting testimony of Nault and his wife regarding the severity of Nault's impairments. The ALJ gave specific, clear, and convincing reasons for the rejection of the Naults' testimony that Nault was completely disabled. *See id.* at 1112. The ALJ fairly recounted the testimony regarding the alleged severity of Nault's disabilities and contrasted it to medical records showing that Nault led "an active life with surfing" and experienced physical symptoms that were "intermittent and positional."

Nault is mistaken that the ALJ failed to perform a residual functional capacity assessment or account for Nault's need to shift positions while seated. The ALJ articulated his residual functional capacity assessment over the course of three single-spaced pages. The ALJ acknowledged Nault's need to switch positions when he stated that Nault "was able to manage his symptoms by

---

[1] The Commissioner has moved to suspend the briefing schedule and to strike Nault's opening brief and excerpts of record. The court previously declined to suspend the briefing schedule and briefing was completed. We now grant in part and deny in part the remainder of the motion. Because this is a Social Security review case, the record on appeal is limited to the certified administrative record. *See Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Nonetheless, Nault included in his excerpts of record 850 pages of medical records from Kaiser Permanente which are not part of the administrative record. Thus, these records violate Fed. R. App. 10(a) and are ordered stricken. The Commissioner's motion also seeks to have the opening brief stricken. The court views this remedy as unnecessary because it has ignored any reference to the stricken records. Therefore, this portion of the motion is denied.

changing position as needed."

The ALJ did not err in its consideration of Nault's Veterans Administration ("VA") disability rating. The ALJ acknowledged that Nault had a forty percent VA disability rating through the date last insured and accurately noted that the document reflecting that rating did not provide medical information regarding how it was determined. In light of that, the ALJ appropriately turned to an analysis of Nault's VA medical records, which he evaluated thoroughly, and which did not indicate that Nault was completely disabled.

Even assuming that the ALJ was required to consider Nault's workers' compensation settlement agreement under Social Security Ruling 06-03p, we conclude that any error in failing to consider the settlement agreement was harmless. *See Molina*, 674 F.3d at 1115 ("We have long recognized that harmless error principles apply in the Social Security Act context."). Several health professionals who evaluated Nault in connection with his workers' compensation claim noted that he was ready, willing, and able to work, and the ALJ's nondisability determination was thoroughly supported by medical evidence.

The ALJ did not err in refraining from employing the help of a vocational expert and instead relying on the medical-vocational guidelines to find Nault capable of working. "[A] vocational expert is required only when there are significant and sufficiently severe non-exertional limitations not accounted for in

the grid." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (internal quotation marks omitted). Contrary to Nault's assertion, the ALJ's residual functional capacity assessment did not include a finding that Nault had a severe non-exertional limitation requiring him to alternate between sitting and standing. Consequently, a vocational expert was not necessary.

Finally, we need not reach Nault's contention that the district court erred regarding the scope of the record. By failing to argue in his opening brief in the district court that the record should be supplemented, Nault waived any such contention. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments not raised by a party in its opening brief are waived).

**AFFIRMED.**